**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Louis Armstrong,<br><br>        Plaintiff,<br><br>vs.<br><br>Maricopa County, et al.,<br><br>        Defendants. | No. CIV 05-1563-PHX-DKD<br><br>**CASE MANAGEMENT ORDER** |

The Court has reviewed the parties' Proposed Case Management Plan (Doc. #11) and enters the following scheduling order adopting the case management deadlines proposed by the parties.

**IT IS HEREBY ORDERED:**

1. <u>Deadline for Joining Parties and Amending Pleadings</u>. The deadline for joining parties and amending pleadings is 90 days from the date of this Order. Motions to join parties or for leave to amend pleadings shall be filed within 30 days of this Order so they can be heard and decided prior to the deadline.

2. <u>Discovery Limitations</u>. Depositions in this case shall be limited to seven hours each as provided in Rule 30(d)(2) of the Federal Rules of Civil Procedure. The number of depositions and interrogatories shall be as limited in LRCiv 16.2, Rules of Practice of the United States District Court for the District of Arizona ("Local Rules"). Each side may also propound up to 40 requests for production of documents, including subparts, and up to 40 requests for admissions, including subparts. The limitations set forth in this paragraph may be

1  increased by mutual agreement of the parties, but such an increase will not result in an extension of the discovery deadlines set forth below.

3.  <u>Deadline for Completion of Fact Discovery</u>.  The deadline for completing fact discovery shall be August 18, 2006.  To ensure compliance with this deadline, the following rules shall apply:

    a.  Depositions:  All depositions shall be scheduled to commence at least five working days prior to the discovery deadline.  A deposition commenced five days prior to the deadline may continue up until the deadline, as necessary.

    b.  Written Discovery:  All interrogatories, requests for production of documents, and requests for admissions shall be served at least 45 days before the discovery deadline.

    c.  Notwithstanding LRCiv 7.3(c), the parties may mutually agree, without Court approval, to extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure.  Such agreed-upon extensions, however, shall not alter or extend the discovery deadlines set forth in this Order.

4.  <u>Deadlines for Disclosure of Experts and Completion of Expert Discovery</u>.[1]

    a.  The Plaintiffs shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than March 1, 2006.

---

[1] Any testifying expert witness (regardless of whether such expert witness has or has not been specifically retained for this case or is an employee of the calling party) shall provide a written report to the adverse party as required by Rule 26(a)(2)(B).  *See, Minnesota Mining and Manufacturing Co. v. Signtech USA, Ltd.*, 177 F.R.D. 459 (D. Minn. 1998).  No expert witness not timely disclosed will be permitted to testify unless the party offering such witness demonstrates:  (a) that the necessity of such expert witness could not have been reasonably anticipated at the time of the deadline for disclosing such expert witness; (b) the Court and opposing counsel or unrepresented party were promptly notified upon discovery of such expert witness; and (c) that such expert witness was promptly proffered for deposition.  *See, Wong v. Regents of the University of California*, 379 F.3d 1097 (9th Cir. 2004); Rule 37(c)(1), Federal Rules of Civil Procedure.

   b. The Defendants shall provide full and complete expert disclosure as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than April 17, 2006.

   c. Rebuttal expert disclosure, if any shall be made no later than May 15, 2006. Rebuttal experts shall be limited to responding to opinions stated by initial experts.

   d. Expert depositions shall be completed no later than June 14, 2006. As with fact witness depositions, expert depositions shall be scheduled to commence at least five working days before the deadline.

  5. <u>Discovery Disputes</u>.

   a. The parties shall not file written discovery motions without leave of Court.[2] If a discovery dispute arises, the parties promptly shall contact the Court to request a telephonic conference concerning the disputes. The Court will seek to resolve the dispute during the telephonic conference, and may enter appropriate orders on the basis of the telephone conference. The Court may order written briefing if it does not resolve the dispute during the telephone conference.

   b. Parties shall not contact the Court concerning a discovery dispute without first seeking to resolve the matter through personal consultation and sincere effort as required by LRCiv 7.2(j). Any briefing ordered by the Court shall also comply with LRCiv 7.2(j).

   c. Absent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery, and will not entertain expert discovery disputes after the deadline for completion of expert discovery.

  6. <u>Deadline for Filing Dispositive Motions</u>.

---

[2] The prohibition on "written discovery motions" includes any written materials delivered or faxed to the Court, including hand-delivered "correspondence" with attachments.

      a.     Dispositive motions shall be filed no later than October 2, 2006. Such motions must comply in all respects with the Federal Rules of Civil Procedure and the Local Rules.

      b.     No party shall file more than one motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure unless permission is first obtained, by joint telephone call, from the Court.

      c.     Failure to respond to a motion within the time periods provided in LRCiv 7.2 will be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily pursuant to LRCiv 7.2(i).

      d.     Notwithstanding LRCiv 7.2(f), the parties shall not notice oral argument on any motion. Instead, a party desiring oral argument shall place the words "Oral Argument Requested" immediately below the title of the motion. The Court will issue a Minute Entry Order scheduling oral argument as it deems appropriate.

7. <u>Deadline for Engaging in Good Faith Settlement Talks</u>. All parties and their counsel shall meet in person and engage in good faith settlement talks no later than July 1, 2006. Upon completion of such settlement talks, and in no event later than five working days after the deadline set forth in the preceding sentence, the parties shall file with the Court a joint Report on Settlement Talks executed by or on behalf of all counsel. The Report shall inform the Court that good faith settlement talks have been held and shall report on the outcome of such talks. The parties shall indicate whether assistance from the Court is needed in seeking settlement of the case. The parties shall promptly notify the Court at any time when settlement is reached during the course of this litigation.

8. <u>Deadline for Notice of Readiness for Pretrial Conference</u>. The Plaintiff shall notify the Court that the parties are ready for scheduling of a Final Pretrial Conference pursuant to Rule 16(d) of the Federal Rules of Civil Procedure. The Plaintiff shall file and serve this notice within ten days after the dispositive motion deadline if no dispositive motions are pending on that date. If dispositive motions are pending, Plaintiff shall file and serve such

- 4 -

1  notice within ten days after the resolution of dispositive motions.  The Court will then issue an
2  Order Setting Final Pretrial Conference that (a) sets deadlines for briefing motions in limine,
3  (b) includes a form for the completion of the parties' joint proposed Final Pretrial Order, and (c)
4  otherwise instructs the parties concerning their duties in preparing for the Final Pretrial
5  Conference.  A firm trial date will be set at the Final Pretrial Conference.[3]

6       9. <u>The Deadlines Are Real</u>.  The parties are advised that the Court intends to enforce
7  the deadlines set forth in this Order, and should plan their litigation activities accordingly.

8       DATED this 16th day of November, 2005.

_____
David K. Duncan
United States Magistrate Judge

---

[3] To accommodate the schedules of the parties, witnesses and counsel and if the parties concur, the Court will set a firm trial date for a day and time requested by counsel.  Counsel may submit a stipulation requesting a specific proposed trial date at any time.

- 5 -